# IN THE COURT OF APPEALS OF IOWA

No. 19-0942
Filed August 7, 2019

**IN THE INTEREST OF P.M.,**
**Minor Child,**

**A.C., Mother,**
 Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

 A mother appeals the termination of her parental rights. **AFFIRMED.**

 Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

 Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

 Melissa Anderson-Seeber, Waterloo, attorney and guardian ad litem for minor child.

 Considered by Potterfield, P.J., Greer, J., and Danilson, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother appeals the termination of her parental rights to her child. We find there is sufficient evidence in the record to support the termination, termination is in the child's best interests, and the mother has not shown termination would be detrimental to the child due to the closeness of the parent-child relationship. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

The mother in this case, A.C., and her paramour, R.M., came to the attention of the Iowa Department of Human Services (DHS) in February 2017, when the mother's child, K.C., born in 2016, was diagnosed with shaken baby syndrome. The child was in R.M.'s care when the child received extensive brain injuries. A founded child abuse report named R.M. as the person responsible for physically abusing K.C. The mother did not believe R.M. caused K.C.'s injuries and continued in a relationship with him. The mother and R.M. had a child, S.M., later in 2017. The mother's parental rights to K.C. and S.M. and the father's rights to S.M. were terminated. The termination was affirmed on appeal. *In re K.C.*, No. 18-1249, 2019 WL 325863, at *5 (Iowa Ct. App. Jan. 23, 2019).

The mother and R.M. are the parents of P.M., born in 2018. The child was removed from the parents' care shortly after birth due to the safety concerns arising from the injuries to K.C. and placed in the home of a relative. The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2018).

The mother participated in services, including individual therapy and supervised visitation. The mother continued in a relationship with R.M. and resided

at the same residence. She does not believe R.M. caused K.C.'s injuries or that he poses a risk to her children. The parents' failure to acknowledge the nature and causation of K.C.'s injuries created a barrier to the effectiveness of services.

On March 4, 2019, the State filed a petition seeking termination of the parents' rights. The juvenile court terminated the mother's rights under section 232.116(1)(d), (g), and (h) (2019).[1] The court found the parents "have not utilized the services offered or been able to demonstrate that they are capable of providing a safe home for the child." The court stated, "Parent education services, individual therapy and couples counseling are all futile efforts until both parents acknowledge a problem exists and a need for treatment." The court concluded termination of the mother's parental rights was in the child's best interests. The mother appeals.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Discussion

**A.** The mother claims the State did not present sufficient evidence to warrant termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find

---

[1] The father's parental rights were also terminated. He has not appealed.

grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We consider the termination of the mother's parental rights under section 232.116(1)(g).

A parent's rights may be terminated under section 232.116(1)(g) when the following have occurred:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

There was a CINA adjudication for the child on September 28, 2018. The mother's parental rights to K.C. and S.M. were terminated on July 9, 2018, with the court noting the serious head injuries sustained by K.C. The mother did not demonstrate the ability or willingness to respond to services because she denied R.M.'s responsibility and continued in a relationship with him. We previously stated, "The mother has chosen to remain with R.M. despite the permanent injuries K.C. has suffered—injuries medical personnel concluded could not have occurred in the absence of non-accidental trauma." *K.C.*, 2019 WL 325863, at *4. In the founded child abuse report, DHS determined R.M. was responsible for K.C.'s injuries. We also find there is clear and convincing evidence that an additional period of rehabilitation would not correct the situation because the mother would not admit there were any problems that services could help correct. Her posture

continues notwithstanding the prior termination of her parental rights to K.C and S.M.

We conclude the juvenile court properly terminated the mother's parental rights under section 232.116(1)(g).

**B.** The mother asserts termination of her parental rights is not in the best interests of the child. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We find termination of the mother's parental rights is in the child's best interests. The mother has consistently placed her relationship with R.M. above her relationship with the child. Due to her unwillingness to acknowledge the injuries to another child were the result of physical abuse or lack of insight, she is unable to act in the child's best interests by protecting the child from danger. Additional time will also not assist in preserving the parent-child relationship.

**C.** The mother claims the juvenile court should have declined to terminate her parental rights due to the exception found in section 232.116(3)(c), which provides a court may decide not to terminate a parent's rights if termination would be detrimental to the child based on the closeness of the parent-child relationship. The child is of young age and has been out of the family home nearly

the entirety of the child's life.  We determine the mother's bond with the child does not preclude termination of the mother's parental rights.  We do not find termination of the mother's rights would be detrimental to the child.

We affirm the decision of the juvenile court.

**AFFIRMED.**